# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEBRASKA FURNITURE MART, INC., a Nebraska corporation, <br><br> Plaintiff, <br><br> v. <br><br> OAKLAND LIVING CORPORATION, a Michigan corporation, and HOME DEPOT U.S.A., Inc., a Delaware corporation, <br><br> Defendant. | Case No. 8:19-cv-284 <br><br> **COMPLAINT** |

COMES NOW the Plaintiff, by and through undersigned counsel of record, and for its Complaint, states and alleges as follows:

### Parties, Jurisdiction, and Venue

1. Nebraska Furniture Mart, Inc. ("NFM") is a Nebraska corporation with its principal place of business in the State of Nebraska.

2. Oakland Living Corporation ("Oakland Living") is a Michigan corporation with its principal place of business in the State of Michigan.

3. Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation with its principal place of business in the State of Georgia.

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

5. The Court has personal jurisdiction over the Defendants because the acts which form the basis of this action occurred in Nebraska.

6. Venue is proper in the District of Nebraska because a substantial part of the events or omissions giving rise to the claim occurred in the State of Nebraska.

**Background**

1. NFM is a leading retailer of home furnishings, appliances, and electronics in stores and through its website: www.nfm.com.

2. Home Depot markets itself as "the world's largest home improvement retailer with nearly 400,000 orange-blooded associates and more than 2,200 stores in the U.S., Canada and Mexico. The typical store today averages 105,000 square feet of indoor retail space, interconnected with an e-commerce business that offers more than one million products for the DIY customer, professional contractors, and the industry's largest installation business for the Do-It-For-Me customer."

3. Oakland Living is a patio furniture vendor whose customers include NFM and Home Depot.

4. Oakland Living improperly billed NFM for several UPS deliveries between 2016 and 2018, totaling $180,196.54. Herein, those invoices are referred to as the "improper invoices."

5. The improper invoices were sent to NFM's headquarters in Omaha, Nebraska.

6. NFM mistakenly paid the improper invoices. Herein, those payments are referred to as the "mistaken payments."

7. Upon discovering the mistaken payments, NFM informed Oakland Living and UPS and demanded that Oakland Living develop a plan to remedy the mistaken payments that resulted from the improper invoices.

8. Oakland Living indicated that the improper invoices related to shipments to customers of Home Depot that had been improperly sent to NFM's business address.

9. To the extent the improper invoices should have been submitted to Home Depot, NFM's payment of the improper invoices benefited Home Depot by reducing its obligation to Oakland Living and/or UPS.

10. UPS has credited NFM back with $39,828.84, based upon UPS's stated policy of providing such credit for shipments made in the preceding six months.

11. Accordingly, the remaining principal balance for which NFM has not been reimbursed is $140,367.70.

12. Despite demand, Oakland Living has failed to resolve the balance of the mistaken payments.

13. Given Oakland Living's failure, on June 10, 2019, NFM sent a letter to Home Depot identifying the improper invoices, explaining the mistaken payments, and requesting that Home Depot reimburse NFM for the remaining balance.

14. To date, Home Depot has not responded to the letter of June 10, 2019.

**COUNT I: CONVERSION**
**(AGAINST OAKLAND LIVING)**

15. The foregoing allegations are incorporated herein by reference.

16. Oakland Living converted the money that was used to make the mistaken payments by sending the improper invoices.

17. As a result of Oakland Living's conversion, NFM has been deprived of the money it paid on the improper invoices permanently or for an indefinite period.

18. Accounting for the credit provided by UPS, NFM has been damaged in the principal amount of $140,367.70.

**COUNT II: FRAUDULENT MISREPRESENTATION**
**(AGAINST OAKLAND LIVING)**

19. The foregoing allegations are incorporated herein by reference.

20. By sending the improper invoices, Oakland Living represented to NFM that the amounts identified on those invoices were due and owing.

21. Said representations were false.

22. When made, the representations were known to be false or made recklessly without knowledge of its truth as a positive assertion.

23. The representations were made with the intention that NFM rely upon them.

24. NFM relied upon the representations by making the mistaken payments.

25. NFM was damaged by making the mistaken payments on the improper invoices.

26. Accounting for the credit provided by UPS, NFM has been damaged in the principal amount of $140,367.70.

## COUNT III: NEGLIGENT MISREPRESENTATION
### (AGAINST OAKLAND LIVING)

27. The foregoing allegations are incorporated herein by reference.

28. By sending the improper invoices, Oakland Living represented to NFM that the amounts identified on those invoices were due and owing.

29. Said representations were false.

30. Oakland Living was careless or negligent in making the representations.

31. The representations were made with the intention that NFM rely upon them.

32. NFM relied upon the representations by making the mistaken payments.

33. NFM was damaged by making the mistaken payments on the improper invoices.

34. Accounting for the credit provided by UPS, NFM has been damaged in the principal amount of $140,367.70.

## COUNT IV: RESTITUTION
### (AGAINST OAKLAND LIVING)

35. The foregoing allegations are incorporated herein by reference.

36. Oakland Living has been unjustly enriched by the mistaken payments.

37. Accounting for the credit provided by UPS, NFM has been damaged in the principal amount of $140,367.70.

## COUNT V: CONVERSION
### (AGAINST HOME DEPOT)

38. The foregoing allegations are incorporated herein by reference.

39. Home Depot converted the money that was used to make the mistaken payments by failing to repay NFM despite written demand.

40. As a result of Home Depot's conversion, NFM has been deprived of the referenced money permanently or for an indefinite period.

41. Accounting for the credit provided by UPS, NFM has been damaged in the principal amount of $140,367.70.

### COUNT VI: RESTITUTION
### (AGAINST HOME DEPOT)

42. The foregoing allegations are incorporated herein by reference.

43. Home Depot has been unjustly enriched by the mistaken payments.

44. Accounting for the credit provided by UPS, NFM has been damaged in the principal amount of $140,367.70.

WHEREFORE, NFM respectfully requests the entry of judgment in its favor and against Home Depot and Oakland Living, jointly and severally, in the principal amount of $140,367.70, together with pre- and post-judgment interest as allowed by law, the costs of this action, and such other and further relief as the Court deems just and equitable.

DATED this 28th day of June, 2019.

NEBRASKA FURNITURE MART, INC., Plaintiff

By: */s/ Jarrod D. Reece*
Jarrod D. Reece, #24800
Likes Meyerson Hatch LLC
444 Regency Parkway Drive, Suite 100
Omaha, NE 68114
Telephone: (402) 506-4604
Facsimile: (402) 506-4614
jreece@lmhlawfirm.com